## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERGIO GARCIA FERNANDEZ, professionally known as ANGELSLANG<br>            Plaintiff,<br><br>        v.<br><br>MICHAEL PHILLIP JAGGER, professionally known as MICK JAGGER, KEITH RICHARDS, collectively known as THE ROLLING STONES, UNIVERSAL MUSIC GROUP, INC., BMG RIGHTS MANAGEMENT, LLC, AND PROMOPUB B.V.<br>            Defendants. | CIVIL ACTION NO:<br>**2:23-cv-00891-EEF-DPC**<br><br><br>**JUDGE:**<br>**ELDON E. FALLON**<br><br><br>**MAGISTRATE JUDGE:**<br>**DONNA PHILLIPS CURRALT** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I.      INTRODUCTION

This is a copyright infringement action. Plaintiff Sergio Garcia Fernandez ("Plaintiff"), a Spanish citizen, has sued the defendants in this action over alleged infringement of non-U.S. works (compositions and recordings), neither of which was authored in the United States or registered with the United States Copyright Office. The Court should dismiss Plaintiff's First Amended Complaint ("FAC") because it fails to adequately plead a copyright infringement claim. More particularly, Plaintiff failed to allege an exemption to the copyright registration precondition under 17 U.S.C. § 411(a) for his non-U.S. works. This alone warrants dismissal of the FAC in its entirety.

In addition, Plaintiff's complaint is replete with deficiencies regarding jurisdiction, venue, and forum that warrant dismissal. First, the Court cannot exercise personal jurisdiction over Defendant Promopub B.V. ("Promopub") because Promopub is a Dutch company with no contacts with the United States. As a result, there is absolutely no basis to assert personal jurisdiction over

Promopub.

Second, venue in this district is improper. None of the Defendants resides or may otherwise be found in this district. Moreover, under the doctrine of *forum non conveniens,* the United States is not the proper forum for this case. The more appropriate forum for this case would be a court in Europe because Plaintiff, a Spanish citizen and domiciliary, asserts infringement of his non-U.S. works against Defendants who all have a presence in Europe. In short, both the private and public interest factors weigh in favor of dismissal.

Although each of the above reasons warrant dismissal, should the Court not dismiss the FAC, the Court should transfer venue to the Southern District of New York because it was improper for Plaintiff to bring this case in this district when he could have brought it in the Southern District of New York. Plaintiff has not alleged any facts supporting his claim that the Eastern District of Louisiana is a proper venue. Indeed, the **only** apparent connection to this district is Plaintiff's New Orleans-based counsel.

## II.     <u>STATEMENT OF FACTS</u>

### A.     <u>The Parties.</u>

Mick Jagger ("Mr. Jagger") and Keith Richards ("Mr. Richards") are members of the English rock band The Rolling Stones. Contrary to the allegations in the FAC, Mr. Jagger is a citizen of the United Kingdom ("UK") and is not domiciled in any state in the United States. Declaration of Mark Krais ("Krais Decl."), ¶ 3. Mr. Richards is also a citizen of the UK and is domiciled in the State of Connecticut. *Id*., ¶ 4. For over sixty years, The Rolling Stones have enjoyed an illustrious career with dozens of albums, numerous tours, many awards received for their iconic music and are universally acclaimed as one of the greatest rock and roll bands of all time. Messrs. Jagger and Richards are the primary songwriters for The Rolling Stones. *Id*., ¶ 5.

They have written and recorded numerous chart-topping hits that have influenced musicians of all genres. In 2020, The Rolling Stones released a recording of the musical composition entitled "Living in a Ghost Town" (collectively, the "Accused Work"), which Messrs. Jagger and Richards authored and The Rolling Stones performed and recorded. *Id*. The Rolling Stones have not performed in the State of Louisiana since their tour stop at the Superdome in 2019, which is before the Accused Work was released in 2020. *Id*., ¶¶ 5-6.

Promopub is a Dutch "*besloten vennootschap*", a private limited company, based in Amsterdam. Declaration of Jan Favie ("Favie Decl."), ¶ 2. It has existed for almost 40 years and does not conduct any business in the U.S. *Id*. Promopub holds the copyrights in certain musical compositions authored by Messrs. Jagger and Richards and collects and distributes publishing revenue generated by the musical compositions. *Id*., ¶ 3. All the books and records relating to such publishing revenue and all of Promopub's employees are located in the Netherlands. *Id*. at ¶¶ 2-3.

BMG Rights Management (US) LLC ("BMG US") acts as a sublicensee of its sister company, BMG Rights Management (UK) Limited ("BMG UK"), for the territory of the U.S. as the music publishing administrator for Promopub's music catalog, based on a worldwide music publishing administration agreement between Promopub and BMG UK. Declaration of Keith Hauprich ("Hauprich Decl."), ¶¶ 2-3. BMG US is a Delaware limited liability company with its principal place of business in New York. *Id*., ¶ 3. BMG US licenses Promopub's music in the U.S., collects royalties on Promopub's behalf and remits royalties to Promopub in the Netherlands. *Id*.

UMG Recordings, Inc. ("UMG") is a Delaware corporation with its principal place of business in California. Declaration of Sheryl L. Gold ("Gold Decl."), ¶ 3. It also has a presence in New York. *Id*. UMG distributed the recording that is part of the Accused Work in the U.S., as the licensee of its Netherlands-based affiliate, which is the exclusive global distributor for certain of

The Rolling Stones' sound recordings. *Id.*, ¶ 4.

According to the FAC, Plaintiff is a Spanish citizen and musician professionally known as "Angelslang." FAC, ¶ 1. Plaintiff alleges he is the owner of copyrights obtained in Spain in two musical compositions titled "So Sorry" and "Seed of God (Talent in the Trash)" and in sound recordings embodying his performances of such musical compositions (collectively, the "non-U.S. Works"). *Id.*, ¶ 10. These musical compositions are purportedly part of Plaintiff's sound recording compilation album, "Brick Songs," which compilation album he alleges to have registered with the "Spanish Intellectual Property Registry." *Id.*, ¶ 11. Plaintiff has no direct relationship with any Defendant in this case.

**B.      Plaintiff's Complaint and First Amended Complaint.**

On March 10, 2023, Plaintiff initiated the instant action against Defendants by filing the original complaint [Dkt. 1] alleging one cause of action for copyright infringement. *See* Compl., ¶¶ 29-37. Subsequently, on May 31, 2023, Plaintiff filed the FAC to correct references to two Defendants. FAC, ¶¶ 7-8. Otherwise, the original complaint and the FAC are identical.

This case stems from Plaintiff's claim that, in 2013, he allegedly shared a CD containing the non-U.S. Works, written approximately six or seven years earlier, with an unnamed "immediate family member" of Mr. Jagger—not a member of The Rolling Stones. *Id.*, ¶ 13. According to Plaintiff, certain "key elements" of the non-U.S. Works were included in the Accused Work that The Rolling Stones wrote, recorded and released in 2020. *Id.*, ¶ 22. Defendants dispute the allegations of copyright infringement made by Plaintiff.

**1.      Plaintiff's Allegations Regarding Venue and Jurisdiction**

Plaintiff makes specious, conclusory allegations in an attempt to establish that venue is proper in this district. Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and § 1400(a) because, "a substantial part of the events giving rise to this claim occurred in this

District." *Id*., ¶ 3. To the contrary, no event related to Plaintiff's claim occurred in this district. Regarding personal jurisdiction, Plaintiff alleges, "Defendants regularly conduct business in the State of Louisiana and substantial acts of infringement have occurred in this district" and "Defendants have directed their activities and marketing of musical recordings to Louisiana residents and Louisiana residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants." *Id*.

The FAC contains no other allegations pertaining to alleged venue or personal jurisdiction nor any factual allegations that could plausibly support the conclusion that any of the Defendants have minimum contacts in Louisiana. For example, even the alleged sharing of the CD on which Plaintiff relies to imply that The Rolling Stones had access to the non-U.S. Works is not alleged to have occurred in Louisiana. *Id*., ¶ 13.

## 2. Plaintiff Failed to Allege § 411(a) Registration Exemption

Although Plaintiff asserts one cause of action for copyright infringement under the Copyright Act, Plaintiff does not allege infringement of any U.S. copyrights. *See generally Id*. Rather, he alleges infringement of the non-U.S. Works only, which are purportedly registered in Spain with the performing rights society Sociedad General de Autores y Editores (SGAE), an organization similar to ASCAP and BMI in the U.S., and the "Spanish Intellectual Property Registry." *Id*., ¶¶ 10-11. However, Plaintiff failed to allege compliance with the registration requirement articulated in 17 U.S.C. § 411(a) or to expressly allege the § 411(a) exemption to registration for non-U.S. works, which is necessary to adequately plead copyright infringement of non-U.S. works. *Id*., ¶¶ 29-37.

## III.     ARGUMENT

### A.     The Court Should Dismiss Plaintiff's FAC Pursuant to Fed. R. Civ. P. 12(b)(6) Because He Failed to Allege a § 411 Copyright Registration Exemption.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true. *Id*. at 667-78. "[A] plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In this regard, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id*. at 558 (citation omitted).

Plaintiff's FAC should be dismissed because he failed to adequately plead a copyright infringement claim. To state a claim for copyright infringement, a plaintiff must generally plead: (1) ownership of a valid copyright; and (2) copying of constituent elements of the plaintiff's work that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). However, before initiating a copyright infringement claim in federal court, a plaintiff must obtain a copyright registration in accordance with 17 U.S.C. § 411(a). *See*, *e.g.*, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). There is an exemption to the § 411(a) registration requirement for non-U.S. works—*i.e.*, works first published outside the United States—registered for copyright in a country that is a signatory to the Berne Convention. *Canadian Standards Ass'n v. P.S. Knight Co.*, No. 1:20-CV-01160-LY, 2022 WL 395971, at *3 (W.D. Tex. Feb. 9, 2022), report and recommendation adopted, No. A-20-CV-001160-LY, 2022 WL 1793525

(W.D. Tex. Feb. 25, 2022) (collecting cases). In such a case, a plaintiff must adequately allege the § 411(a) exemption to properly plead their copyright infringement claim. *See id*. ("A party relying on the registration exemption must sufficiently allege that the works are not United States works within the meaning of Section 101 of the Copyright Act" (citing *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555 (S.D.N.Y. 2018)); *see also UAB "Planner 5D" v. Facebook, Inc*., No. 19-CV-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) (dismissing copyright infringement claims, in part, because plaintiff failed to plead § 411(a) registration exemption).

The *DigitAlb* case is instructive. In that case, the plaintiff, an Albanian company that distributes television programming, sued a New York based company it alleged was pirating its programming on a competing platform. 284 F. Supp. 3d at 553. Because Albania is a signatory to the Berne Convention, the plaintiff believed that it was not required to make any allegations regarding § 411(a) concerning its foreign copyrights. *Id*. at 555. The defendant moved to dismiss under Rule 12(b)(6), claiming that the plaintiff had failed to state a claim because it did not affirmatively plead that the works in question were exempt from the registration requirement of § 411(a). *Id*. at 554. The Court agreed that the plaintiff's failure to plead an exemption to § 411(a)'s registration requirement was a fatal flaw and granted defendant's motion to dismiss. *See Id*. at 555 ("Thus, should DigitAlb seek to rely on the § 411 registration exemption, it must allege that the works are not United States works within the meaning of § 101.").

Similar to *DigitAlb*, here, Plaintiff's FAC is devoid of allegations establishing an exemption to the § 411(a) registration requirement despite relying on the Copyright Act to assert his infringement claim. *See generally* FAC. Nor has Plaintiff alleged that the exemption applies to his claim. *Id*.; *accord Canadian Standards Ass'n*, 2022 WL 395971, at *4 ("A party relying on the registration exemption must sufficiently allege that the works are not United States works within

PD.42455412.1

the meaning of Section 101 of the Copyright Act").

Therefore, the Court should grant Defendants' motion to dismiss pursuant to Rule 12(b)(6) because Plaintiff has not adequately pled a copyright infringement claim.

**B.     The Court Should Dismiss Defendant Promopub Pursuant to Fed. R. Civ. P. 12(b)(2) Because It Cannot Exercise Personal Jurisdiction Over It.**

A court may exercise personal jurisdiction over a non-resident defendant only if the state's long-arm statute permits, and if that long-arm statute complies with the Fourteenth Amendment's Due Process Clause. *721 Bourbon, Inc. v. House of Auth., LLC*, 140 F. Supp. 3d 586, 591-92 (E.D. La. 2015) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999)). Louisiana's long-arm statute "extends jurisdiction to the full limits of due process" therefore, the sole inquiry for this Court is, "whether the exercise of its jurisdiction in this case satisfies federal due process requirements." *Id.* at 592 (citing *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)). The exercise of personal jurisdiction over a nonresident defendant only satisfies due process if: "(1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with that state, and (2) exercising personal jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)).

There are two types of minimum contacts: specific jurisdictional contacts and general jurisdictional contacts. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Specific jurisdiction is established when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). To establish minimum contacts for specific jurisdiction, the plaintiff must demonstrate that the defendant "purposefully avails itself of the privilege of conducting activities within the forum

State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). General jurisdiction may arise where the nonresident defendant engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Only "extensive" contacts satisfy the "continuous and systematic" requirement. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 419 (5th Cir. 2001).

The Plaintiff bears the burden of establishing that this Court may exercise personal jurisdiction over Defendants. *Asevedo v. NBCUniversal Media*, LLC, 921 F. Supp. 2d 573, 580 (E.D. La. 2013); *Monistere v. Losauro*, No. CIV.A. 13-22, 2013 WL 6383886, at *2 (E.D. La. Dec. 4, 2013) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982)). This Court need not credit conclusory jurisdictional allegations in a complaint. *Panda*, 253 F.3d at 869 (5th Cir. 2001).

## 1.     The Court Does Not Have Specific Jurisdiction Over Promopub

The Fifth Circuit has articulated the following three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Asevedo,* 921 F. Supp. 2d at 581 (citation omitted).

As to the first factor, as explained above, Promopub did not purposely direct any activities towards the State of Louisiana, so Promopub could not anticipate being haled into court in this district. *Ruston Gas Turbines Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) ("The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."). Promopub is a Dutch company that holds the

- 9 -

copyrights in certain musical compositions written by Messrs. Jagger and Richards and the books and records relating to publishing revenue that it receives for same. Favie Decl., ¶¶ 3-4. Promopub does not maintain any offices, employees, or records in the U.S. *Id., ¶ 2.* The administration of Promopub's copyright interest in the musical composition that is part of the Accused Work in the United States is the responsibility of BMG US. *Id.*, ¶ 5. Because Promopub does not engage in business in the U.S. at all, it could not have availed itself of the privileges of conducting activities in Louisiana.

As to the second factor, Plaintiff has failed to allege, and could not plausibly do so, that his copyright infringement cause of action arose out of or resulted from Promopub's activities in Louisiana because it has no Louisiana-related activities. *Id.*, ¶¶ 2-3, 5-6. Rather, Plaintiff alleges in conclusory fashion that he provided a CD containing the non-U.S. Works to an unidentified family member of Mr. Jagger and that certain elements of the non-U.S. Works were included in the Accused Work. FAC, ¶¶ 13, 22. Plaintiff did not allege that these events took place in Louisiana and there are no facts to support the conclusion that Promopub had any involvement in the alleged infringement. As such, it would be unfair and unreasonable for this Court to exercise personal jurisdiction over Promopub.

As to the third factor, when determining whether exercising jurisdiction comports with "traditional notions of fair play and substantial justice," the court considers a series of fairness factors including: (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Johnson v. Tuff N Rumble Mgmt., Inc.*, No. CIV. A. 99-1374, 1999 WL 1201891, at *6 (E.D. La. Dec. 15, 1999) (citing *Ruston*, 9 F.3d at 421). Here, Promopub would be severely and unfairly

PD.42455412.1

burdened if it were subjected to the Court's personal jurisdiction as it is a foreign entity based in and operating out of the Netherlands. Thus, it would need to send its agents overseas to appear in this matter. Favie Decl., ¶ 2. Further, because the Accused Work is available globally over the internet, and not specifically directed towards Louisiana, the state of Louisiana does not have a particularized interest in holding Promopub accountable for any alleged copyright infringement. Additionally, Plaintiff's interest in convenient and effective relief is not furthered by the court exercising jurisdiction over Promopub because it does not reside nor do business in Louisiana and none of the evidence or witnesses related to Promopub may be found in Louisiana. *Id.* As such, the judicial system's interest in efficient resolution and Louisiana's interest in furthering fundamental social policies weigh against there being specific jurisdiction over Promopub.

## 2.      There Is No General Jurisdiction Over Promopub

Likewise, the Court cannot exercise general jurisdiction over Promopub because Promopub does not have "systematic and continuous" contacts in this district. *Asevedo,* 921 F. Supp. 2d at 588 (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir.1986)). Strictly speaking, it has no contacts with this district whatsoever. "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 588 (citing *Johnston v. Multidata Systems, Intern. Corp.*, 523 F.3d 602, 610 (5th Cir.2008)). Furthermore, with respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

For the same reasons as set forth above, Promopub does not have any contacts with Louisiana, let alone sufficient "systematic and continuous" contacts with Louisiana, to support a finding of general jurisdiction. Plaintiff has failed to allege any facts to the contrary in his FAC.

Promopub's only connection to this matter is that Promopub granted BMG UK the right to sublicense music publishing administration rights to BMG US for the territory of the U.S. Hauprich Decl., ¶ 3. Promopub has no direct involvement with Louisiana. Favie Decl., ¶ 5. Similarly, Promopub had no direct involvement in the distribution of the musical composition that is part of the Accused Work anywhere in the U.S., let alone Louisiana. In sum, Promopub has not engaged in any systematic or continuous actions in Louisiana that would subject it to general jurisdiction.

Accordingly, the Court should grant Promopub's request for dismissal as the Court cannot exercise personal jurisdiction over it.

### C.   The Court Should Dismiss the FAC Pursuant to Fed. R. Civ. P. 12(b)(3) Because the Eastern District of Louisiana is an Improper Venue.

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for improper venue. Typically, in ruling on a motion to dismiss pursuant to Rule 12(b)(3), the Court's analysis focuses on whether venue is wrong or improper based upon a failure to satisfy any of the categories listed in 28 U.S.C. § 1391. *Morris v. Hedricks*, No. CV 22-380, 2022 WL 4551588, at *3 (E.D. La. Sept. 29, 2022) (citing 28 U.S.C. § 1391). However, in copyright infringement cases, venue is governed by 28 U.S.C. § 1400(a), which requires that cases be brought in a venue "where a defendant resides or may be found." *Asevedo*, 921 F. Supp. 2d at 590; *Peel & Co. v. The Rug Mkt.*, No. CIV. A. 98-2376, 1999 WL 13940, at *4 (E.D. La. Jan. 12, 1999). Under Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply the facts alleged in the complaint and its attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *Morris*, 2022 WL 4551588, at *3.

### 1.   28 U.S.C. § 1391(b)(2) is Inapplicable to this Copyright Infringement Case

Plaintiff erroneously asserts that venue is proper under 28 U.S.C. § 1391(b)(2). FAC, ¶ 3.

However, as explained above, venue in copyright infringement cases is specifically governed by 28 U.S.C. § 1400(a). *See Peel & Co.*, 1999 WL 13940, at *4; *see also Tran Enterprises, LLC v. Dao*, No. CIV.A. H:10-1347, 2010 WL 5092968, at *2 (S.D. Tex. Dec. 7, 2010). Therefore, Plaintiff cannot rely on 28 U.S.C. § 1391(b)(2) to establish venue here. Even if § 1391(b)(2) applied, venue would still be improper because Plaintiff failed to allege facts establishing that any of the events giving rise to his copyright infringement claim occurred in this district.

### 2.   Venue is Improper Pursuant to 28 U.S.C. § 1400(a) Because Defendants Do Not Reside and May Not Be Found in This District

Venue in this district is improper under 28 U.S.C. § 1400(a) because Plaintiff failed to allege facts supporting the conclusion that any of the other Defendants either "reside" or "may be found" in this district. *Asevedo*, 921 F. Supp. 2d at 590. It is well established that an individual defendant "resides" for venue purposes in the district of his residence or legal domicile. *Id*. A corporate defendant "resides" in the judicial district within the state where it maintains a principal place of business, or, absent that, the judicial district in which its registered office is located. *See In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018). Further, courts have held that a defendant "may be found" in a district where he is subject to personal jurisdiction. *Asevedo,* 921 F. Supp. 2d at 590; *see also Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("[I]f a corporation is doing business in a district for § 1391(c) purposes, it may be found there for the purposes of § 1400(a).").

The test is nearly identical for determining the question of venue and personal jurisdiction over a nonresident corporation. *Johnson*, 1999 WL 1201891, at *8 (citing *Testa v. Janssen*, 482 F. Supp. 1195, 1197 (W.D. Pa. 1980)). However, "[u]nder this inquiry, a defendant's contacts with a judicial district are analyzed *as if the district were a state*." *Tran Enterprises, LLC*, 2010 WL 5092968, at *3 (emphasis added). There must be specific contacts with that specific district, not

merely a specific state. *See Asevedo*, 921 F. Supp. 2d at 590 (citing *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1094 (N.D. Cal. 2003) (noting that the venue inquiry is conducted as if the district were its own state)); *see also Tayama v. Riom Corp.*, No. 2:11-CV-167-J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012).

### a.       None of the Defendants "Reside" in This District

Plaintiff has not, and cannot, allege facts that any Defendant resides in this district under § 1400(a). To the contrary, as the declarations submitted with this motion demonstrate, Messrs. Jagger and Richards are UK citizens who are legally domiciled outside of this district. Krais Decl., ¶¶ 3-4. Promopub, as has been explained in Section III.B *supra*, is a Dutch entity with no business dealings in the U.S. whatsoever. Favie., ¶ 2. BMG US is a Delaware limited liability company with its principal place of business in New York. Hauprich Decl., ¶ 3. And, UMG is a Delaware corporation with its principal place of business in California. Gold Decl., ¶ 3. None of the corporate Defendants have agents or officers in this district. In summary, none of the defendants reside in this district.

### b.       None of the Defendants "May be Found" in This District

Based on Plaintiff's barebones allegations in the FAC, venue is improper under § 1400(a) because none of the Defendants are subject to personal jurisdiction in this district. As explained above, personal jurisdiction is subdivided into two types of jurisdiction, specific and general, depending on the extent of a party's contacts. *Asevedo*, 921 F. Supp. 2d at 590; *Johnson*, 1999 WL 1201891, at *4. Specific jurisdiction exists when plaintiff's claim arises out of or relates to the defendant's contacts. *Johnson*, 1999 WL 1201891, at *4. General jurisdiction exists when the nonresident defendant's contacts do not arise from the cause of action but are both "continuous and systematic." *Id*. Although nearly identical, the jurisdictional analysis under § 1400(a) focuses

on a nonresident defendant's contacts with the ***district*** where a plaintiff initiated the action as opposed to the ***state***. *Asevedo*, 921 F. Supp. 2d at 590; *Tran Enterprises, LLC*, 2010 WL 5092968, at *3; *Tayama*, 2012 WL 556007, at *2.

Plaintiff's allegations in the FAC are devoid of facts supporting his conclusory allegations that his copyright infringement claim arose out of Defendants' contacts with this district or that Defendants' contacts have been so pervasive as to consider them at home in this district. Even Plaintiff resides overseas in Spain. In reality, the only individual involved in this case with any ties to this district is Plaintiff's counsel who is based in New Orleans—strong evidence of forum shopping.

**(1)**      <u>**There is No Specific Jurisdiction Over Defendants in this District**</u>

The specific jurisdiction analysis requires that the Court determine whether the defendant purposefully directed its activities toward the district or purposefully availed itself of the privilege of conducting activities therein and whether the cause of action asserted arises out of or relates to those activities. *Johnson*, 1999 WL 1201891, at 4.

As to the first factor, Messrs. Jagger and Richards have neither purposely directed any activities towards this district nor purposely availed themselves of the privilege of conducting activities in this district related to the alleged infringing activity. They are both UK citizens. Krais Decl., ¶¶ 3-4. Mr. Jagger is not domiciled in the United States and Mr. Richards is domiciled in Connecticut. *Id*. The Rolling Stones have not performed in Louisiana since a performance in the Superdome on their worldwide tour in 2019. *Id*., ¶ 6. Previously, they performed in this district only three other times, in 1978, 1981, and 1984. *Id*. They have not otherwise directed any of their activities either purposefully or specifically towards this district. *Id*., ¶¶ 5-6.

BMG US and UMG also did not purposefully engage in any conduct in this district as it relates to the Accused Work. *See* Hauprich Decl., ¶¶ 4-5; Gold Decl., ¶¶ 5-6. The Accused Work was written and recorded outside of this district and neither of these Defendants directed any contacts concerning the Accused Work to this district. *See* Krais Decl., ¶ 5; Gold Decl., ¶ 5. As they do with all compositions and recordings they control, they put their works in the general stream of commerce by allowing the digital streaming of their works by digital music services like Spotify, Amazon, and Apple. *See* Hauprich Decl., ¶ 5; Gold Decl., ¶ 6. Through the internet, any fan worldwide may access the works as long as they have a subscription to these or other streaming services. The fact that certain residents of this district may have accessed a recording, either digitally or by purchasing a copy on CD or other physical medium, does not confer jurisdiction over BMG US which administers the musical composition that is part of the Accused Work in the U.S., or UMG which distributes the recording that is part of the Accused Work, without more contacts. *Isbell v. DM Recs., Inc.*, No. CIV.A.3:02-CV-1408-G, 2004 WL 1243153, at *9 (N.D. Tex. June 4, 2004) (requiring under stream of commerce test that (1) defendant deliver infringing work in stream of commerce expecting that it would make its way into forum state; and (2) a nexus between plaintiff's injuries, forum state, and delivery of infringing work in stream of commerce).

Plaintiff has not alleged facts to the contrary. *See generally* FAC. As noted, Promopub has no business dealings in the U.S. Favie Decl., ¶ 2. BMG US and UMG do not purposefully direct activities concerning the Accused Work into this district. Gold Decl., ¶¶ 5-6; Hauprich Decl., ¶¶ 4-5. And, Messrs. Jagger and Richards are infrequent visitors to the district and all professional visits took place prior to the release of the Accused Work. Krais Decl., ¶ 6. As such, none of the Defendants are subject to personal jurisdiction in this district. *See Isbell*, 2004 WL 1243153, at *9 (explaining that copyright infringement defendants are not subject to personal jurisdiction in

forums where copies of allegedly infringing work were ultimately sold by others).

As to the second factor, Plaintiff has not provided any facts to support a conclusion that his copyright infringement cause of action arose out of or resulted from Defendants' activities in this district. As demonstrated above, Messrs. Jagger's and Richards' few performances in the district all predated release of the Accused Work. *Id*. The FAC does not allege that Plaintiff resides in this district or that Plaintiff's works were authored in this district. Therefore, Plaintiff's copyright infringement cause of action did not arise out of or result from Defendants' activities in this district and it would be unfair and unreasonable for this Court to exercise specific jurisdiction over the Defendants.

As to the third factor, Defendants would all be burdened if subjected to personal jurisdiction in this district because none reside or regularly conduct activities in Louisiana at all, let alone this district. Krais Decl., ¶¶ 3-6; Favie Decl., ¶¶ 2, 5-6; Hauprich Decl., ¶¶ 3-5; Gold Decl., ¶¶ 3, 5-6. The relevant evidence and potential witnesses in this matter are concentrated outside this district, more particularly in New York and Europe. No party to this action has any legitimate ties to this district, including Plaintiff. FAC, ¶ 4 (Plaintiff is domiciled in Spain). Exercising specific jurisdiction over Defendants in this district would be unjust and unfair.

### (2)      There is No General Jurisdiction Over Defendants in this District

General jurisdiction does not exist over any Defendant because Plaintiff has failed to allege facts establishing "systematic and continuous" contacts in this district. Plaintiff makes the conclusory claim that Defendants do "substantial, continuous and systematic business in the State of Louisiana" without factual support. FAC, ¶¶ 7-9. However, as has been established above, none of the Defendants have any such contacts in this district. *See* Section III.C(2)(b)(1), *supra*.

Therefore, the Court should dismiss the FAC for improper venue pursuant to Rule 12(b)(3).

**D.** **The Court Should Dismiss the FAC Pursuant to the Doctrine of Forum *Non Conveniens* Because the U.S. is Not the Proper Forum for This Case.**

The doctrine of forum *non conveniens* allows federal courts to decline jurisdiction and dismiss a case to be tried in a foreign forum. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 793 (5th Cir. 2007). The Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), set out the framework for courts to consider when deciding a motion seeking dismissal under forum *non conveniens*: first, "the court must determine whether there exists an alternative forum"; and second, "the court must determine which forum is best suited to the litigation." *DTEX, LLC*, 508 F.3d at 794 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). Courts consider both "private" and "public" interest factors to help decide which forum is best suited to the litigation. *See Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp. 2d 713, 725 (E.D. La. 2003) (quoting *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir.2001)).

The Court should dismiss Plaintiff's FAC on grounds of forum *non conveniens* because doing so would best serve the convenience of the parties and the ends of justice and an alternative forum exists that is better for this litigation. *DTEX, LLC*, 508 F.3d at 794 (citation omitted). The Court has broad discretion to grant dismissal of a case for forum *non conveniens* where doing so will reduce the "potential temptation for a plaintiff to force a trial at an inconvenient place for his adversary . . . ." *Gulf Oil Corp.*, 330 U.S. at 507. In conducting its forum *non conveniens* analysis, the Court may "rely on evidence outside the pleadings, including affidavits." *DigitAlb*, 284 F. Supp. 3d at 561 (citation omitted).

**1.** **A Court in Europe Would Be an Available and Adequate Forum**

The law is well-settled that a foreign plaintiff's chosen U.S. forum, as is the case here, is generally entitled to less deference than the choice of a domestic plaintiff. *See Piper Aircraft Co.*, 454 U.S. at 256; *Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 9 (5th Cir. 2004); *Alpine View*

*Co. v. Atlas Copco AB*, 205 F.3d 208, 222 (5th Cir. 2000). Plaintiff admits in the FAC that he is a Spanish citizen domiciled in Spain and is asserting infringement of the non-U.S. Works that were allegedly registered for copyright in Spain. FAC, ¶¶ 4, 10-12. Plaintiff did not allege any facts establishing that he has a presence in either Louisiana or the U.S. in general. *Id.* Accordingly, the Court need not give much deference to Plaintiff's (nor, candidly, his counsel's) chosen forum, the Eastern District of Louisiana, in its forum *non conveniens* analysis.

The Court should dismiss this case for forum *non conveniens* because a court in Europe would be an available and adequate alternative forum. An alternative forum is "available" if the entire case and all parties can come within its jurisdiction. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). All of the parties, including Plaintiff, have strong ties to Europe or are currently domiciled there, which can make either the Netherlands or the UK more convenient and accessible forums for this matter. Krais Decl., ¶¶ 3-4; Favie Decl., ¶ 2; (Promopub is a Dutch entity based in Amsterdam); Hauprich Decl., ¶ 3 (BMG (US)'s sister company is based in the UK); Gold Decl., ¶ 4 (UMG's affiliate, Universal International Music, B.V., which is the global distributor for certain of The Rolling Stones' recordings, is based in the Netherlands). A court in any of these countries would be an adequate alternative forum for this case because the Defendants or their relevant affiliates would be subject to jurisdiction in any one of these Courts. *Vasquez*, 325 F.3d at 671 (explaining that Mexico was an "available" forum where defendants stipulated to submit to Mexican court's jurisdiction); *Alpine View*, 205 F.3d at 221 (affirming finding of available and adequate forum where all four defendants agreed to submit to the jurisdiction of either Swedish or Norwegian courts). Moreover, each individual involved, including the Plaintiff, would not be inconvenienced by a trial in Europe. *see Dickson Marine Inc.*, 179 F.3d at 342 ("[A]n alternate forum is . . . available when the entire case and all of the parties come within the

PD.42455412.1

jurisdiction of that forum." (citing *Syndicate 420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821 (5th Cir. 1986)).

"A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Alpine View*, 205 F.3d at 221. Importantly, the Netherlands and the UK are also signatories to the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), which is the "principal accord governing international copyright relations." *Golan v. Holder*, 565 U.S. 302, 306-07 (2012). The Berne Convention allows "[n]ationals of a member country . . . [to] enjoy copyright protection in nations across the globe." *Id.*; *see also Canadian Standards Ass'n*, 2022 WL 395971 at *2 ("The Berne Convention guarantees certain minimum protections for authors of copyrighted works in its member states."). Thus, Plaintiff would have the opportunity to seek adequate relief in a court in the Netherlands or the UK for his alleged copyright infringement claim. *DTEX, LLC*, 508 F.3d at 796 ("'Adequacy' does not require that the alternative forum provide the same relief as an American court."); *Dickson Marine Inc.*, 179 F.3d at 342 ("[D]ifferences in substantive law should not be given conclusive weight in a forum *non conveniens* inquiry.").

Because a court in either the Netherlands or the UK would be an available and adequate forum, the Court can assess the public and private interest factors warranting dismissal.

## 2. The Public and Private Interests Weigh in Favor of Dismissal

### a. The Public Interests Weigh in Favor of Dismissal

The public interest factors consist of: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having a trial of a diversity case in a forum that is familiar with the law that must govern

the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty. *Dickson Marine Inc.*, 179 F.3d at 342 (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6.).

### (1)    Administrative Difficulties (First Factor)

As has been explained, both the Plaintiff and all of the Defendants have ties to Europe. There is strong public interest in minimizing administrative difficulties that weighs in favor of dismissal in favor of a European forum, given the difficulties that could be presented in obtaining evidence and witnesses from parties located in Spain, the Netherlands, or the UK. In particular, Promopub, the entity holding copyrights in musical compositions written by Messrs. Jagger and Richards (including the musical composition that is part of the Accused Work) as well as the books and records concerning royalties for same are located in the Netherlands. Favie Decl., ¶ 3. Plaintiff is domiciled in Spain and alleges that he owns Spanish copyrights. FAC, ¶¶ 4, 10-13. Messrs. Jagger and Richards are UK citizens. Krais Decl., ¶¶ 3-4. As a result, the Netherlands or the UK would be a more than adequate forum. This public interest factor weighs in favor of dismissal.

### (2)    Local Interest in Resolving Localized Controversies and the Burden on the Local Community (Second and Fifth Factors)

This is not a local controversy. Plaintiff is a Spanish national suing Defendants with no ties to Louisiana over alleged infringement of the non-U.S. Works allegedly registered in Spain. FAC, ¶ 4, 10-13. There is no allegation in the FAC that the alleged infringing activity that gave rise to this lawsuit occurred in Louisiana. *Id.*, ¶¶ 13, 22. Indeed, the only individual with any ties to Louisiana is Plaintiff's counsel who is based in New Orleans. Plainly, the location of his office is not relevant to establishing a local interest or controversy. As none of the parties to this action have any real ties to Louisiana or this district, it would be burdensome to force the local community with no interest in the outcome of this controversy to sit for jury duty on a trial in this case. *DTEX*,

*LLC*, 508 F.3d at 803 (citing *Nolan v. Boeing Co.*, 762 F. Supp. 680, 684 (E.D. La. 1989), *aff'd*, 919 F.2d 1058 (5th Cir. 1990)). These public interest factors also weigh in favor of dismissal.

**(3)**     **Avoiding Problems with Conflicts of Law or Application of Foreign Law (Fourth Factor)**

Copyrights are territorial in nature and there is no universal legal scheme to protect copyrightable works throughout the world. Each country has its own laws and protections. Plaintiff does not allege he owns U.S. copyrights, only the non-U.S. Works allegedly registered in Spain. FAC, ¶¶ 10-12. "The mere likelihood of the application of foreign law weighs in favor of dismissal." *LaSala v. TSB Bank, PLC*, 514 F. Supp. 2d 447, 463 (S.D.N.Y 2007). Plaintiff would have this Court apply the laws of a foreign, non-English speaking country despite not having any ties to the U.S. Moreover, the logistical issues with accessing and translating various foreign laws and documents will undoubtedly increase the time and expense on the parties. This public interest factor also weighs heavily in favor of dismissal.

**b.**     **The Private Interests Weigh in Favor of Dismissal**

The private interest factors consist of: (i) the relative ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iii) possibility of view of [the] premises, if view would be appropriate to the action; (iv) all other practical problems that make trial of a case easy, expeditious and inexpensive . . . enforceability of judgment[; and whether] the plaintiff [has sought to] "vex," "harass," or "oppress" the defendant. *DTEX, LLC*, 508 F.3d at 794 (citing *Gulf Oil Corp.*, 330 U.S. at 508).

These private interest factors support dismissal on grounds of forum *non conveniens*. Plaintiff's FAC alleges that Defendants infringed the non-U.S. Works allegedly registered in Spain. FAC, ¶¶ 10-12. It has already been established that relevant evidence, parties, and witnesses

- 22 -

can be found in Europe. In particular, Promopub's business records concerning its copyrights and books and records concerning royalties for same are all located in the Netherlands. Favie Decl., ¶¶ 2-3. Plaintiff's allegations that he is domiciled in Spain and asserting Spanish copyrights also show that documents are more likely to be located in Europe rather than this district. Similarly, all witnesses that could testify regarding the authenticity and substance of such records are also predominantly located in Europe. *Id.*, ¶ 2. In short, the evidence of the alleged infringement will require the testimony of witnesses in Europe. This creates difficulties requiring international travel by nearly all parties and third party witnesses. It is difficult to say whether all international third party witnesses would be amenable to process for attendance at trial or even deposition in this district. Further, even if such third party witnesses are willing to accept service of process and participate in the litigation, there will undoubtedly be greater costs associated with procuring such testimony from individuals located in Europe. Plaintiff's attempt to create such difficulty and expense for Defendants weighs in favor of dismissal. *DTEX, LLC*, 508 F.3d at 800 ("In this case, this expense and the absence of any Texas witnesses contributes to finding that this factor weighs in favor of dismissal.").

As such, the private interest factors also weigh in favor of dismissing the FAC for forum *non conveniens*.

### E.    Alternatively, The Court Should Transfer This Case to the Southern District of New York Pursuant to 28 U.S.C. §1406(a).

The Court has broad discretion to dismiss or transfer a case pursuant to 28 U.S.C. § 1406(a) when the district in which Plaintiff filed his case is an improper venue. *AllChem Performance Prod., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 787 (S.D. Tex. 2012). The Court "[s]hall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[A] district is 'wrong' within the

meaning of § 1406 whenever there exists an 'obstacle (to) an expeditious and orderly adjudication' on the merits." *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013) (quoting *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1105 (5th Cir.1981)); *AllChem*, 878 F. Supp. 2d at 788. Lack of personal jurisdiction is a ground for such dismissal or transfer. *Id.*

As noted in section III.C *supra*, the Court should dismiss the FAC for improper venue in this district pursuant to Rule 12(b)(3) for the reasons explained in that section. Alternatively, if this Court finds that transfer within the U.S. is more appropriate, in the interest of justice, it should transfer this case to the Southern District of New York ("SDNY") because Plaintiff could have brought this action in that district.

The Defendants, aside from Promopub[1], "may be found" in the SDNY. 28 U.S.C. § 1400(a). Defendants BMG US and UMG maintain offices and employees in the SDNY. Hauprich Decl., ¶ 3; Gold Decl., ¶ 3. Thus, at least some evidence and witnesses would be more readily available in the SDNY. Further, Messrs. Jagger and Richards would consent to jurisdiction there as well. Krais Decl., ¶ 9; *see also Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (Section 1406(a) "permits a court to transfer a case 'to any district or division in which it could have been brought' regardless whether it has personal jurisdiction over the defendants.").

Although dismissal of the FAC is warranted, if the Court is not inclined to dismiss for improper venue, the Court should transfer this case to SDNY.

IV. **CONCLUSION**

Plaintiff has not adequately alleged a claim for copyright infringement, which warrants

---

[1] Promopub maintains that it is subject to dismissal in any U.S. court for lack of personal jurisdiction, as explained in section III.B, *supra*.

dismissal of this action under Rule 12(b)(6). Moreover, dismissal is warranted under Rule 12(b)(2) for lack of personal jurisdiction over Promopub as it has no contacts in this forum and exercising jurisdiction over it would be unfair and unreasonable. The Court should also dismiss the Complaint pursuant to the doctrine of forum *non conveniens* as Plaintiff should pursue his case in Europe. Alternatively, if the Court is not inclined to grant dismissal for improper venue, the Court should transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

For all of the reasons set forth above, the Court should (i) dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) for failure to state a claim, (ii) dismiss the claims against Promopub pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and (iii) dismiss the FAC pursuant to Rule 12(b)(3) for improper venue, and under the doctrine of forum *non conveniens*. Alternatively, the Court should transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Ashley J. Heilprin*

Ashley J. Heilprin, T.A. (La. Bar #34928)
Mary Ellen Roy (La. Bar #14388)
Dan Zimmerman (La. Bar #2202)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
ashley.heilprin@phelps.com
roym@phelps.com
dan.zimmerman@phelps.com

**ARENTFOX SCHIFF LLP**

BY: */s/ Eric Roman*

Ross J. Charap (*pro hac vice* pending)
Matthew L. Finkelstein (*pro hac vice* pending)

Eric Roman (*pro hac vice* pending)
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
ross.charap@afslaw.com
matt.finkelstein@afslaw.com
eric.roman@afslaw.com

Oscar A. Figueroa (*pro hac vice* pending)
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
oscar.figueroa@afslaw.com

**ATTORNEYS FOR DEFENDANTS**
**MICHAEL PHILLIP JAGGER**
**KEITH RICHARDS,**
**UMG RECORDINGS, INC.,**
**BMG RIGHTS MANAGEMENT (US) LLC,**
**AND PROMOPUB B.V.**