UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERGIO GARCIA FERNANDEZ professionally known as ANGELSLANG,<br><br>    Plaintiff,<br>    v.<br><br>MICHAEL PHILLIP JAGGER, professionally known as, MICK JAGGER, KEITH RICHARDS, collectively and professionally known as THE ROLLING STONES, UNIVERSAL MUSIC GROUP, INC, BMG RIGHTS MANAGEMENT, LLC, AND PROMOPUB B.V.,<br><br>    Defendants. | **2:23-cv-00891**<br>**JUDGE: ELDON E. FELDMAN**<br><br>**MAGISTRATE: DONNA PHILLIPS CURRAULT** |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

NOW INTO COURT, comes, Plaintiff, Sergio Garcia Fernandez, professionally known as, Angelslang, by and through its his counsel of record herein, who submits this memorandum in opposition to the Motion to Dismiss as filed by the Defendants.

**LAW AND ARGUMENT**

**I.  THE DEFENDANTS HAVE PURPOSELY AVAILED THEMSELVES TO THIS STATE TO WARRANT THIS COURT TO EXERCISE PERSONAL JURISDICTION**

A federal court may exercise personal jurisdiction over nonresident defendants if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the due process clause. *McFadin v. Gerber*, 587 F.3d 753, 758 (5th Cir. 2009). Plaintiff need not establish personal jurisdiction by a preponderance of evidence; prima facie showing suffices. *Luv N' care, Ltd. v. Insta-*

*Mix, Inc.,* 438 F.3d 465 (5th Cir. 2006) Where non-resident defendant has continuous and systematic general business contacts with forum state, court may exercise "general jurisdiction" over any action brought against that defendant; where contacts are less pervasive, court may still exercise "specific jurisdiction" in suit arising out of or related to defendant's contacts with forum. *Id*. Federal court may satisfy constitutional requirements for specific jurisdiction by showing that non-resident defendant has minimum contacts with forum state such that imposing judgment would not offend traditional notions of fair play and substantial justice. *Id*. Test for exercise of specific personal jurisdiction over non-resident defendant asks whether: (1) defendant purposely directed its activities toward forum state or purposely availed itself of privileges of conducting activities there; (2) plaintiff's cause of action arises out of or results from defendant's forum-related contacts; and (3) exercise of personal jurisdiction is fair and reasonable. *Id*. Non-resident defendant's mere placement of product into stream of commerce can constitute "purposeful availment," for purpose of exercising specific personal jurisdiction, at least where defendant knows product will ultimately reach forum state. *Id*. Where non-resident defendant knowingly benefits from availability of particular state's market for its products, it is only fitting that defendant be amenable to suit in that state. *Id*.

In this matter, it is obvious that the Defendants have established minimum contacts with this State to reasonably anticipate being haled into court here. Specifically, the Defendants are in the business of selling and distributing musical works worldwide. In fact, the Defendants, within their motion, state that anyone can purchase their music. It is unreasonable for any person to expect that the Defendant's have not intended for their product, musical works, to be consumed worldwide.

The Fifth Circuit has been consistent since *Luv N' care* that the "mere placement of [a] product into [the] stream of commerce can constitute 'purposeful availment,' for purpose of exercising specific personal jurisdiction" *Id*. Essentially, all defendants benefit from the consumption of their product, or musical works, that have been placed into the stream of commerce and should expect that their product to reach this State. This is evidenced by the fact that the Defendants have argued that The Rolling Stones have toured in Louisiana and the subject musical work have been made available for consumption through streaming services. Lastly, the Defendants have not stated they intended for the musical works of The Rolling Stones to be distributed and sold to only a single and specific state or country.

Based upon the stream of commerce doctrine as stated in *Luv N' care* this Court is warranted in exercising jurisdiction over Promopub. Promopub B.V., upon information and belief, is the publisher for the Defendant The Rolling Stones. Promopub has licensed the musical works of The Rolling Stones to be distributed worldwide; the Defendants do not dispute this fact. As a result, as Promopub knowingly benefits from its products being marketed and placed in the United States, or more particularly, Louisiana, for public consumption, it can be amendable to suit here. *Id*.

## II. **PUBLIC AND PRIVATE INTERESTS DO NOT FAVOR DISMISSAL ON FORUM NON CONVENIENS GROUNS.**

In the exercise of its discretion in determining whether to dismiss case on forum non conveniens grounds, a district court should use a four-step analysis in which the defendant bears the burden of persuasion on all elements: (1) determining whether an alternative forum is available; (2) determining whether the alternative forum identified in step one is adequate; (3) considering the relevant factors of private interest, weighing in

the balance the relevant deference given the particular plaintiff's initial choice of forum; and (4) weighing the relevant public interest, if the private interests are either nearly in balance or do not favor dismissal. *Ganpat v. E. Pac. Shipping, PTE. LTD*, 581 F.Supp.3d 773 (E.D. La. 2022)

Whether adequate alternative forum is available, for purposes of forum non conveniens, is two-part inquiry: foreign forum is available when entire case and all parties can come within jurisdiction of that forum; and foreign forum is adequate when parties will not be deprived of all remedies or treated unfairly even though they may not enjoy same benefits as they might receive in American court. *Id*. Defendant invoking forum non conveniens ordinarily bears heavy burden in opposing plaintiff's chosen forum, and unless balance is strongly in favor of defendant, plaintiff's choice of forum should rarely be disturbed. *Id*.

In this matter, the Defendant's argument that the continent of Europe is an available and adequate forum for the purposes of forum non conveniens is simply not weighty. Essentially, the suit involves several persons and entities with diverse domiciles and residencies. Yet, only two-named defendants are located in Europe – Promopub and Jagger. The Defendants assert that all parties have strong ties to Europe, which is untrue. As stated above, only Promopub and Jagger are domiciled in Europe. Moreover, the Defendants suggest that the UK or Netherlands would be a preferable forum – simply due to personal desires – as opposed to Spain despite the Plaintiff's residence there. Lastly, the Defendants failed to suggest a specific court in Europe that would be an available and adequate forum, but states, instead, that the entire continent of Europe would suffice. Moreover, the Plaintiff

has instituted this proceeding before this Court to avail himself of the remedies pursuant to U.S. Copyright law.

Even if this Court were to deem that a country in Europe would be an available and adequate forum, the private and public interests disfavor a dismissal. On motion to dismiss for forum non conveniens, private interests to be considered include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if a view would be appropriate to the action; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; and (5) enforceability of a judgment if one is obtained. *Id*.

Here, the Defendants argue that private interest factors weigh heavily in favor of dismissal as source of evidence is located in Europe and costs of obtaining attendance of European witnesses would be cheaper. However, location of documents is not a compelling consideration, on motion to dismiss for forum non conveniens, when records are easily portable. *Id*. Judge Morgan in *Ganpat* denied the Defendant's Motion to Dismiss based upon Forum Non Conveniens as "advancements in technology render documentary evidence easily portable and transferrable and therefore a foreign forum would not be more convenient in the United State in obtaining documentary evidence. *Id*. Here, the Defendants admit evidence relevant to this matter consists of business records of Promopub. Yet, the Defendants have failed to assert that these records are not portable or transferrable. Moreover, the Defendants argue that it would be more cost-effective to acquire witnesses to testify to the authenticity of these records or in general in Europe than the United States. Yet, the cost of obtaining attendance of unwilling witnesses is not a private interest factor

to be considered on motion to dismiss for forum non conveniens. *Id*. Additionally, due to video conferencing and other technological advances, there are no difficulties in obtaining the testimony of foreign or non-resident witnesses. As such, the private interest factors do not weigh in favor of dismissing this action.

On motion to dismiss for forum non conveniens, district court must weigh several public interest factors, which include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial of a case in a forum that is familiar with the law that governs the action; (4) the avoidance of unnecessary problems and conflicts of law, or an application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id*.

When considering public interest factor of administrative difficulties flowing from court congestion, on motion to dismiss for forum non conveniens, the court must first consider its own docket and any administrative difficulties which follow for courts when litigation is piled up in congested centers instead of being handled at its origin. *Id*. In this matter, it is this Court's discretion to determine whether its docket is congested to the extent that it cannot hear this matter. As such, the Plaintiff defers this issue to the Court.

The second factor involves the local interest in having localized difficulties resolved at home. Similar, to *Ganpat,* the Defendant has not specifically indentified what is home. Based upon the foregoing reasons, if Defendant assets that home is Louisiana, the Defendants have established enough contacts and/or ties to Louisiana for this matter to be resolved in Louisiana. Defendants have placed their musical works into the stream of commerce with the knowledge and expectation that their musical works would reach

Louisiana. It would not be burdensome to force the local community to sit for a jury duty for a trial in this matter as the local community expects that musical works the defendants place into the stream of commerce are original and not copied from another source.

Lastly, the Plaintiff seeks that this Court apply U.S. Copyright law to this matter. As such, there are no problems with conflict of laws or the application of law.

### III. **VENUE IS PROPER IN THE EASTERN DISTRICT OF LOUISIANA**.

Pursuant to 28 U.S.C. § 1400(a), venue is proper for claims arising out of the Copyright Act and Lanham Act where a party "may be found." Courts have construed the language "may be found" as analogous to where a party is subject to personal jurisdiction. *Andra Grp., LP v. BareWeb, Inc.*, 4:17-CV-00815, 2018 WL 2848985, at *7 (E.D. Tex. June 11, 2018). Here, as previously stated above, this Court has personal jurisdiction over the Defendants as they have purposely availed themselves to this state and have established continuous and systematic contacts with this state through the sale and distribution of the musical works of The Rolling Stones. When resolving a motion to dismiss for improper venue without an evidentiary hearing, the court accepts a plaintiff's well–pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Asevedo v. NBCUniversal Media, LLC*, 921 F.Supp.2d 573 (E.D. La.2013) Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and marketing of musical recordings to consumers in this district and those consumers were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants.

## IV. THE COMPLAINT AND FIRST AMENDED COMPLAINT PROVIDES FAIR NOTICE OF PLAINTIFF'S CLAIM AND FACTS SUFFICIENTLY SHOW A PLAUSIBLE CLAIM FOR RELIEF

A motion to dismiss for failure to state a claim is not favored and should rarely be granted, as resolution on merits being preferred to disposition on technical grounds of failure to state a claim. *Zephyr Aviation, LLC v. Dailey*, 247 F.3d 565 (5th Cir. 2001); *see also, Airline Car Rental, Inc. v. Shreveport Airport Authority*, W.D.L.A. 1986, 667 F. Supp. 293. The Plaintiff's response to a motion to dismiss should demonstrate that the complaint provides fair notice of the Plaintiff's claims and that the facts alleged sufficiently show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009). Essentially, the Court must assume that all material facts contained in the complaint are true and resolve all inferences in the Plaintiff's favor. *Id. See also, Schrob v. Catterson*, C.A.3 (N.J.) 1991, 948 F.2d 1402. A claim has facial plausibility, as required to survive a motion to dismiss for failure to state a claim, when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *McLin v. Ard*, 866 F.3d 682 (5th Cir.2017), cert. denied, 138 S.Ct. 739 (2018)

Registration is prerequisite to judicial enforcement of copyright, except for actions for infringement of copyrights in foreign works covered by the Berne Convention. *In re Peregrine Entm't, Ltd.,* 116 B.R. 194 (C.D. Cal.1990).

Here, the Plaintiff has stated factual allegations within his complaint that sufficiently show a plausible claim for relief. Furthermore, the Plaintiff has unequivocally given fair notice to the Defendant of his claims The Defendants have attempted to present to this Court that the plaintiff does not allege that his works were non-United States works as required to invoke exemption from Copyright Act's registration precondition for non-

United States works within his complaint. Yet, this is inaccurate. Within the complaints of the Plaintiff, it is unequivocally alleged that the works of the Plaintiff are non-U.S. works. This is evidenced by the facts that the plaintiff registered the musical works for copyright in Spain, a country that is a signatory to the Berne Convention. The complaint possesses factual allegations that plausibly illustrate that the Plaintiff is not required to adhere to the Copyright Act's registration precondition for infringement claims. Plaintiff asserts that the complaint is sufficient as he has stated a legally cognizable claim under the Copyright Act. Moreover, the Plaintiff asserts that the said complaint is sufficient in giving fair notice of the claims of the Plaintiff. Yet, in the abundance of caution, the Plaintiff requests that this Court allow the Plaintiff to amend the complaint as opposed to dismissing the instant matter.

Respectfully submitted,

/s/DASHAWN HAYES_____
DaShawn Hayes (LA State Bar #34204)
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
PH: 504-799-0374
FAX: 504-799-0375
dphayesesquire@gmail.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, DaShawn Hayes, hereby certify that I served the above and foregoing pleading, by causing true and accurate copies of such to be filed and transmitted to all opposing counsel via the Court's CM/ECF electronic filing system, on this 11th day of July 2023.

**/s/DASHAWN HAYES**
DaShawn Hayes