UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERGIO GARCIA FERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 23-891 |
| MICHAEL PHILLIP JAGGER, KEITH RICHARDS, UNIVERSAL MUSIC GROUP, INC., BMG RIGHTS MANAGEMENT, LLC, | SECTION "L" |

<u>ORDER AND REASONS</u>

Before the Court is a Motion to Dismiss by Defendants Michael Phillip Jagger ("Jagger"), Keith Richards ("Richards"), BMG Rights Management US LLC ("BMG"), and UMG Recordings Inc. ("UMG"). R. Doc. 35. Plaintiff Sergio Garcia Fernandez ("Fernandez," known professionally as "Angelslang") has filed a memorandum in opposition. R. Doc. 36. Defendants have filed a reply in further support of this motion. R. Doc. 40. The Court has considered the briefing and now rules as follows.

I.       BACKGROUND

Fernandez, a musician who performs under the name "Angelslang" in his native Spain, brings this suit for damages because of alleged infringement on copyrights that he owns by Defendants Jagger and Richards, of the Rolling Stones, as well as their publishers and distributors: BMG, and UMG. R. Doc. 8 at 2-3.

On March 10, 2023, Fernandez filed a complaint in this Court. R. Doc. 1. He subsequently filed an amended complaint on May 31, 2023. R. Doc. 8. Fernandez alleges that, in 2006, he authored a sound recording and musical composition called "So Sorry," which he registered with the Sociedad General de Autores y Editores ("SGAE")—the main Spanish performance-rights organization, similar to the American Society of Composers, Authors and Publishers in the United

States—under the registration number 6.567.119. *Id.* at 3. Fernandez alleges that in 2007, he registered another composition, "Seed of God (Talent in the Trash)" with the SGAE under the registration number 16.055.652. Subsequently, Fernandez alleges, he released both songs in 2019 on the album *Brick Songs*. *Id.* at 3-4. Plaintiff alleges that he registered this album with the Spanish Intellectual Property Registry, under the number 16/2020/2179. *Id.* at 4.

Fernandez alleges that, in 2013, he gave a demo CD containing "So Sorry" and "Seed of God (Talent in the Trash)" to an "immediate family member" of Defendant Jagger. *Id.* Fernandez alleges that the family member confirmed receipt of the CD via e-mail, and that this family member "expressed that the musical works of the Plaintiff and its style was a sound The Rolling Stones would be interested in using." *Id.*

In 2020, the Rolling Stones released a song entitled "Living in a Ghost Town" ("the Alleged Work"), which Fernandez claims "misappropriated many of the recognizable and key protected elements" of the two tracks he had put on the CD. *Id.* Fernandez claims that the vocal melodies, chord progressions, drum beat patterns, harmonica and electric bass parts, the tempos, and "other key signatures" of "Living in a Ghost Town" misappropriate key elements of "So Sorry" and "Seed of God (Talent in the Trash)." *Id.* at 5.

Fernandez brings a claim against all Defendants for copyright infringement under 17 U.S.C. § 504, alleging that Defendants infringed on his copyright by sampling and copying from his songs without paying Fernandez or securing authorization of their use. *Id.* at 6-7. Plaintiff seeks actual damages, Defendants' profits, statutory damages, an accounting, attorney's fees, and costs, among other relief. *Id.* at 7-8.

On June 30, 2023, Defendants BMG, Jagger, Promopub, Richards, and UMG filed a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Proc. 12(b)(2), 12(b)(3),

12(b)(6), and under the doctrine of *Forum Non Conveniens*. R. Doc. 16. On August 2, 2023, Promopub was dismissed from the lawsuit without prejudice. R. Doc. 27. One day later, the Court granted Fernandez's Motion for Leave to File his Second Amended Complaint and denied Defendants motion to dismiss as moot. R. Doc. 30.

Fernandez's Second Amended Complaint is substantially like his First Amended Complaint, with two exceptions. First, Fernandez alleges that venue is proper in this district because Defendants solicit, market, and transact business within Louisiana. Confusingly, Fernandez's complaint alleges both that "Defendants have directed their activities and marketing of musical records to Louisiana residents" and that "Defendants have *not* directed their activities and marketing of musical recordings to this district." R. Doc. 31 at 2 (emphasis added). Second, Fernandez alleges that he is not required to pre-register his works with the U.S. Copyright Office because the United States and Spain are both signatories to the Berne Convention. *Id.* at 4.

On September 7, 2023, Defendants Jagger, Richards, BMG, and UMG filed the instant motion to dismiss. R. Doc. 35.

## II.    PRESENT MOTION

In their motion, Defendants move the court to dismiss Plaintiff Fernandez's Second Amended Complaint pursuant to Fed. R. Civ. 12(b)(3) for improper venue and under the doctrine of *forum non conveniens*. R. Doc. 35. Alternatively, pursuant to 28 U.S.C. § 1406(a), the Defendants request the Court transfer the case. *Id.* At the outset, Defendants argue that the appropriate statute for determining venue in a copyright infringement lawsuit is 28 U.S.C. § 1400(a) and not 28 U.S.C. § 1391(b)(2). They further argue that venue in this district is improper because none of the defendants reside or may be found in this district. R. Doc. 35-1 at 1. Under the doctrine of *forum non conveniens*, Defendants argue that a court in Europe would be a more

appropriate court for this litigation because all parties have a presence in Europe and Fernandez, a Spanish domiciliary, alleges copyright infringement of his non-U.S. works. *Id.* at 1-2. Additionally, they argue that the balance of public and private interests tip in favor of dismissing the case under the doctrine. Lastly, they argue that if the Court finds that dismissal is not proper, the Defendants request the Court to transfer the case to the Southern District of New York because the defendants do business within that district and would consent to jurisdiction there. *Id.*

In opposition, Fernandez argues that venue in this district is proper because defendants have established minimum contacts with this state because they are "in the business of selling and distributing their musical works worldwide." R. Doc. 36 at 2. Second, Fernandez argues that defendants fail to specify a court in Europe that would be an available and adequate forum under the doctrine of *forum non conveniens* and raise several arguments on why the public and private interests would not justify dismissal under the doctrine. *Id.* at 4-6. Third, Fernandez re-asserts that venue is proper in this district because the defendants purposely availed themselves to Louisiana by placing their works into the stream of commerce. *Id.* at 7-8.

In their reply, Defendants argue that Fernandez concedes that venue is not proper pursuant to 28 U.S.C. § 1391(b)(2). R. Doc. 40 at 2. They further argue that Fernandez has not met his burden to establish venue under 28 U.S.C. § 1400(a) because Fernandez fails to address defendants' contacts with the district, rather than the state. *Id.* Defendants argue that a UK court would be an available and adequate forum because Defendants would all consent to jurisdiction there and Fernandez would have remedies available to him under the Berne Convention. *Id.* at 5-6. Defendants also argue that public factors such as administrative difficulties, burden on citizens, and conflicts of law all weigh in favor of dismissal of the case under the doctrine of *forum non conveniens*. *Id.* at 7-8. Considering private interest factors, Defendants argue that none of the

4

parties or potential witnesses located in Louisiana. *Id.* at 8-9. Lastly, Defendants re-emphasize that if the court does not find dismissal is warranted, they urge the Court to transfer the case to the Southern District of New York. *Id.* at 9.

### III.   LAW AND ANALYSIS

#### a.   Rule 12(b)(3)

"Federal Rule of Civil Procedure 12(b)(3) allows the defense of improper venue to be made by motion before a responsive pleading is filed." *Francis v. E-Z Bus, Inc.*, 05-6905, 2006 WL 901761, at *1 (E.D. La. Apr. 7, 2006). "When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue." *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013) (internal citations omitted). "[T]he purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis omitted). Further, venue for claims alleged pursuant to the Copyright Act are governed by a specialized statute, 28 U.S.C. § 1400(a).

Pursuant to 28 U.S.C. § 1400(a), venue is proper in the district where a defendant resides or may be found. For venue purposes, individual defendants "reside" in the district of their residence or legal domicile. *Asevedo*, 921 F. Supp. 2d at 590. A corporation, on the other hand, "shall be considered to 'reside' only in the single judicial district within that state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located." *In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018). Courts have held that individual defendants "may be found" in a district where they are subject to personal jurisdiction through either specific or general jurisdiction. *Asevedo*, 921 F. Supp. 2d at 590.

Here, none of the defendants reside in the Eastern District of Louisiana (the "District"). R. Doc. 35-1 at 2. Jagger is a United Kingdom ("UK") citizen and not domiciled in any state within the United States. Richards is also a UK citizen and domiciled in Connecticut. BMG is a sublicensee of its sister company, BMG Rights Management Limited ("BMG UK"). BMG is a Delaware LLC with its principal place of business in New York. UMG is a Delaware corporation with its principal place of business in California. Accordingly, venue in this Court is not proper under 28 U.S.C. § 1400(a) because none of the defendants reside in this district. *Asevedo*, 921 F. Supp. 2d at 590.

Similarly, none of the defendants "may be found" in this district because they are not subject to personal jurisdiction in this district. The Court will address general and specific jurisdiction in turn.

### i. Specific Jurisdiction

The Fifth Circuit has developed a three-step analysis to determine whether a defendant is subject to specific jurisdiction in that forum. The inquiry focuses on "(1) whether the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). As stated, 28 U.S.C. § 1400(a) narrows the analysis for copyright infringement matters. Specific jurisdiction requires that the defendants' conduct arise out of contact with the district—not the state—in which the forum court sits. *Asevedo*, 921 F. Supp. 2d at 590; *see also Johnson v. Tuff N Rumble Mgmt., Inc.*, 99-1374, 1999 WL 1201891, at *8 (E.D. La. Dec 15, 1999) ("It is well

established that, for purposes of Section 1440(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction.") (internal citation omitted).

The Court finds that all defendants are not subject to specific jurisdiction in this District. Jagger and Richards have not purposely directed their activities or availed themselves of the privileges of this District. As stated already, Jagger and Richards are UK citizens. In their decades-long career, the Rolling Stones have only performed in New Orleans four times. R. Doc. 35-1 at 9. All four performances occurred before the Alleged Work was released in 2020. *Id.* BMG and UMG, through their distribution efforts, have also not purposely directed their activities or purposely availed themselves of the privileges of directing their activities to this District.

Fernandez argues by placing the music into the stream of commerce—including the Eastern District of Louisiana—sufficiently demonstrates that the defendants have purposely availed themselves of the privileges of directing their activities here. R. Doc. 40 at 3-4. The Court disagrees.

In *Ham v. La Cienega Music Company*, the Fifth Circuit held that absent allegations resulting from the distribution, resolution of copyright infringement actions for musical recordings does not bear on distribution of music throughout the forum. 4 F.3d 413 (5th Cir. 1993). In that case, Bernard Besman and John Lee Hooker, wrote a song, "Boogie Chillen" registered it with the United States Copyright Office. *Id.* at 414. On July 8 1991, Besman alleged that popular rock band ZZ Top infringed upon their copyrights in their 1973 hit song "La Grange." *Id.* at 414-15. Hamstein Music Company acquired the rights to "La Grange" in 1973. *Id.* at 415. Hamstein filed a declaratory judgment action in the United States District Court for the Southern District of Texas against Besman and his company, La Cienega Music Company,

7

denying any infringement. *Id.* In response, Besman moved to dismiss for lack of personal jurisdiction. *Id.*

The Fifth Circuit affirmed the district court's decision and found that Besman's efforts to distribute his recordings to the "broadest possible geographical base" did not show he purposefully availed himself to Texas. *Id.* at 416. Instead, the Court reasoned that Hamstein, "demonstrated at best a highly attenuated relationship between the subject matter of the . . . action and distribution of music in Texas by Besman and La Cienega" because Hamstein did not allege any facts that it suffered any injuries from the distribution. *Id.* Accordingly, the Fifth Circuit held that resolution of the underlying copyright infringement issue "did not arise out from the contacts of Besman and La Cienega with Texas" and the district court did not have personal jurisdiction over the defendants. *Id.*

Here, the Court finds that any relationship between the subject matter of the instant action is "highly attenuated" to this District. *Id.* Without more, it would not be "fair and reasonable" for this Court to exercise specific jurisdiction over this matter. *Luv N' Care, Ltd.*, 438 F.3d at 469. Besides arguing that the defendants placed the Alleged Work into the stream of commerce, Fernandez fails to assert any connection between this District and the Accused Work as it was written and recorded outside of this District. R. Doc. 35-1 at 9. BMG and UMG distributed the Accused Work like all other recordings that they control, with no special emphasis on this District. R. Doc. 35-1 at 9. The mere fact that people in this District listen to the Rolling Stones or the Alleged Work does not permit this Court to wield specific jurisdiction over the defendants as the resolution of the underlying copyright issue has no bearing on the little contact that Jagger, Richards, BMG, and UMG have with the District. See Bristol-Myers Squibb Co. v. Super. Ct. of

Cal., San Francisco Cnty., 582 U.S. 255, 265 (2017) ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").

### ii. General Jurisdiction

In a copyright infringement action, a court may exercise general jurisdiction over any defendant that has "continuous and systematic general business contacts" with the district. 28 U.S.C. § 1400(a); *Luv N' Care, Ltd.* at 469. "To find general jurisdiction over the defendant, a defendant's contacts with the forum must be substantial; random, fortuitous, or attenuated contacts are not sufficient." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010).

For the reasons stated in the previous section on specific jurisdiction, the Court declines to exercise general jurisdiction over the Defendants in this matter. There are no "substantial" contacts between Jagger, Richards, BMG, or UMG with the District. To conclude otherwise would result in the Court finding personal jurisdiction over the defendants based on a "random" connection to this District. *Id.*

Because none of the defendants "reside" or "may be found" in this district, the Court finds that allowing this action to proceed in this jurisdiction would be "unfair" to the defendants and holds that it is an improper venue pursuant to Fed. R. Civ. Proc. 12(b)(3). *Asevedo*, 921 F. Supp. 2d at 590; *Leroy*, 443 U.S. at 183. Accordingly, the Court declines to address defendants' arguments under the doctrine of *forum non conveniens* and pursuant to 28 U.S.C. § 1406(a) because they are moot.

## IV.    CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants Michael Phillip Jagger, Keith Richards, UMG recordings, Inc, and BMG Rights Management LLC's Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(3) for improper venue, R. Doc. 3, is hereby **GRANTED**. Plaintiff Sergio Garcia Fernandez's claims against the Defendants is hereby **DISMISSED** without prejudice.


New Orleans, Louisiana, this 17th day of October, 2023.




_____
United States District Judge