UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SERGIO GARCIA FERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-891** |
| **MICHAEL PHILLIP JAGGER, KEITH RICHARDS, UNIVERSAL MUSIC GROUP, INC., BMG RIGHTS MANAGEMENT, LLC,** | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is a Motion by Plaintiff Sergio Garcia Fernandez ("Fernandez," known professionally as "Angelslang") to Alter this Court's Previous Judgment, R. Doc. 41. R. Doc. 43. Defendants Michael Phillip Jagger ("Jagger"), Keith Richards ("Richards"), BMG Rights Management US LLC ("BMG"), and UMG Recordings Inc. ("UMG") (collectively, "Defendants") have filed a memorandum in opposition. R. Doc. 44. The Court has considered the briefing and now rules as follows.

### I. BACKGROUND

Fernandez, a musician who performs under the name "Angelslang" in his native Spain, brings this suit for damages because of alleged infringement on copyrights that he owns by Defendants Jagger and Richards, of the Rolling Stones, as well as their publishers and distributors: BMG, and UMG. R. Doc. 8 at 2-3.

On March 10, 2023, Fernandez filed a complaint in this Court. R. Doc. 1. He subsequently filed an amended complaint on May 31, 2023. R. Doc. 8. Fernandez alleges that, in 2006, he authored a sound recording and musical composition called "So Sorry," which he registered with the Sociedad General de Autores y Editores ("SGAE")—the main Spanish performance-rights organization, similar to the American Society of Composers, Authors and Publishers in the United

1

States—under the registration number 6.567.119. *Id.* at 3. Fernandez alleges that in 2007, he registered another composition, "Seed of God (Talent in the Trash") with the SGAE under the registration number 16.055.652. Subsequently, Fernandez alleges, he released both songs in 2019 on the album *Brick Songs*. *Id.* at 3-4. Plaintiff alleges that he registered this album with the Spanish Intellectual Property Registry, under the number 16/2020/2179. *Id.* at 4.

Fernandez alleges that, in 2013, he gave a demo CD containing "So Sorry" and "Seed of God (Talent in the Trash)" to an "immediate family member" of Defendant Jagger. *Id.* Fernandez alleges that the family member confirmed receipt of the CD via e-mail, and that this family member "expressed that the musical works of the Plaintiff and its style was a sound The Rolling Stones would be interested in using." *Id.*

In 2020, the Rolling Stones released a song entitled "Living in a Ghost Town" ("the Alleged Work"), which Fernandez claims "misappropriated many of the recognizable and key protected elements" of the two tracks he had put on the CD. *Id.* Fernandez claims that the vocal melodies, chord progressions, drum beat patterns, harmonica and electric bass parts, the tempos, and "other key signatures" of "Living in a Ghost Town" misappropriate key elements of "So Sorry" and "Seed of God (Talent in the Trash)." *Id.* at 5.

Fernandez brings a claim against all Defendants for copyright infringement under 17 U.S.C. § 504, alleging that Defendants infringed on his copyright by sampling and copying from his songs without paying Fernandez or securing authorization of their use. *Id.* at 6-7. Plaintiff seeks actual damages, Defendants' profits, statutory damages, an accounting, attorney's fees, and costs, among other relief. *Id.* at 7-8.

On June 30, 2023, Defendants BMG, Jagger, Promopub, Richards, and UMG filed a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Proc. 12(b)(2), 12(b)(3),

12(b)(6), and under the doctrine of *Forum Non Conveniens*. R. Doc. 16. On August 2, 2023, Promopub was dismissed from the lawsuit without prejudice. R. Doc. 27. One day later, the Court granted Fernandez's Motion for Leave to File his Second Amended Complaint and denied Defendants motion to dismiss as moot. R. Doc. 30.

Fernandez's Second Amended Complaint is substantially like his First Amended Complaint, with two exceptions. First, Fernandez alleges that venue is proper in this district because Defendants solicit, market, and transact business within Louisiana. Confusingly, Fernandez's complaint alleges both that "Defendants have directed their activities and marketing of musical records to Louisiana residents" and that "Defendants have *not* directed their activities and marketing of musical recordings to this district." R. Doc. 31 at 2 (emphasis added). Second, Fernandez alleges that he is not required to pre-register his works with the U.S. Copyright Office because the United States and Spain are both signatories to the Berne Convention. *Id.* at 4.

On September 7, 2023, Defendants filed a Motion to Dismiss for Improper Venue. R. Doc. 35. The Court granted that motion on October 18, 2023, reasoning that no defendant resides or may be found in this District and a judgment was entered thereafter. R. Docs. 41, 42. On November 17, 2023, Fernandez filed the instant motion to alter the Court's judgment. R. Doc. 43.

II.     **PRESENT MOTION**

In his motion, Fernandez moves this Court to amend its earlier judgment and transfer this matter to the Southern District of New York pursuant to 28 U.S.C. § 1406(a). R. Doc. 43-1 at 1. He argues that a transfer of this matter is in the interest of justice and judicial economy because defendants previously consented to jurisdiction in that district. *Id.* at 3-4. He further argues that a statute of limitations issue arises should the judgment remain. *Id.* at 3. Fernandez avers that if he was forced to re-file the suit in the Southern District of New York then he would only be entitled

3

to limited damages dating back to three years prior to the refiling because the statute of limitations on his April 2020 claim has elapsed. *Id.*

In opposition, defendants argue that the Court's judgment is correct as it stands. R. Doc. 44. Defendants argue that in response to earlier motions, Fernandez opposed transfer to the Southern District of New York. *Id.* at 8. Defendants further contend that the Fernandez' arguments do not present newly discovered evidence or a manifest error of law that would warrant an amended judgment. *Id.* at 8-9. Accordingly, defendants pray that the Court deny Fernandez's motion. *Id.* at 10.

### III.   LAW AND ANALYSIS

Fernandez requests that this Court review its motion under either Federal Rule of Civil Procedure 59(e) or in the alternative, Rule 60(b). R. Doc. 43 at 1. The timing of when the motion was filed determines the Court's analysis. "If the motion was filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Because Fernandez' motion was filed within twenty-eight days after the entry of judgment, the Court considers the parties' arguments under Rule 59(e).

Law binding on this court explains that "altering, amending, or reconsidering a judgment under Rule 59(e) 'is an extraordinary remedy that should be used sparingly.'" *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 837 (E.D. La. 2012) (quoting *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The Court has limited discretion to balance the need for finality against the need for justice by considering several factors.[1] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)

---

[1] These factors include: (1) the reasons for the moving party's default (2) if applicable, the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the non-movant before she responded

4

The need for justice generally favors a Rule 59(e) motion only when the moving party demonstrates a mistake of law or fact or presents newly discovered evidence that was previously unavailable. *See Stephens v. Witco Corp.*, No. 97-1351, 1998 WL 426214, *1 (E.D. La. July 24, 1998). A Rule 59(e) motion, however, cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Fernandez argues that an amendment of the Court's earlier judgment dismissing the case is warranted in the interest of justice and judicial economy. R. Doc. 43-1. He argues that he will only be entitled to limited damages if forced to re-file the suit in the Southern District of New York because the statute of limitations has run on his April 2020 claim. *Id.* at 1. The Court finds Fernandez' arguments unpersuasive.

Fernandez has filed three complaints—an original and two amended complaints—and in all three pleadings, he maintains that venue was proper in this District. R. Docs. 1, 8, 31. Not once in those pleadings nor in his opposition to the defendants' motion, did Fernandez suggest he was amenable to transfer to the Southern District of New York. R. Docs. 1, 8, 31, 36. The Court need not rehash its previous discussion on why venue is improper in this court or its reasoning behind dismissing the matter. *See* R. Doc. 39. In a last-ditch effort to save his April 2020 claims, Fernandez now moves this Court to disturb its earlier order. The Court will not do so. Every fact available to Fernandez at the time he filed the instant motion was available to him previously. Accordingly, the Court finds that Fernandez fails to demonstrate that his "need for justice" is grounded in a post-judgment discovery. *See Stephens*, 1998 WL 426214, at *1. Though he may be displeased with the Court's judgment, the Court reminds Fernandez that "[a] Rule 59(e) motion

---

to the motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. *See Lavespere*, 910 F.2d at 174 (cleaned up).

should not be used to re-litigate prior matters that . . . simply resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, No. 08-1302, 2010 WL 3943522, *1, *2 (E.D. La. Oct. 6, 2010). Accordingly, the Court declines to amend its earlier judgment.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Sergio Garcia Fernandez's Motion to Alter Judgment is **DENIED**.

New Orleans, Louisiana, this 13th day of December, 2023.

_____
United States District Judge